UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS, LLC,<br><br>       Plaintiff,<br><br> -against-<br><br>TORRI CLAYTON, individually and d/b/a CHERI'S BEDSTUY LLC, and CHERI'S BEDSTUY LLC d/b/a CHERI'S BEDSTUY,<br><br>       Defendant. | **MEMORANDUM AND ORDER**<br>Case No. 24-CV-4191 |

*For the Plaintiff*:
JOSEPH LOUGHLIN
Law Office of M.L. Zager, P.C.
30 North Street, Suite 3
PO Box 948
Monticello, NY 12701

**BLOCK, Senior District Judge:**

  On November 15, 2024, the Court referred to Magistrate Judge Joseph A. Marutollo a motion for default judgment by G & G Closed Circuit Events, LLC ("Plaintiff" or "G & G") against Torri Clayton ("Clayton") and Cheri's BedStuy LLC ("Cheri's") (together, "Defendants"). Plaintiffs allege that Cheri's, which Clayton owns, screened a boxing match without paying Plaintiff the commercial broadcast fee in violation of Federal Communications Act, 47 U.S.C. § 605, and Cable & Television Consumer Protection and Competition Act, 47 U.S.C. § 553.

1

On March 28, 2025, Magistrate Judge Marutollo issued a Report & Recommendation ("R&R") recommending that the Court grant Plaintiff's motion in part and deny it in part. In particular, the R&R recommended the Court grant Plaintiff's request for statutory damages and enhanced damages totaling $3,600, rather than the $7,200 sum Plaintiff had sought.

The R&R gave the parties fourteen days to file objections, i.e., until April 11, 2025, and warned that "[f]ailure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order." ECF No. 15 at 30. No objections have been filed. If clear notice has been given of the consequences of failing to object, and there are no objections, the Court may adopt the R&R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) ("Where parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citations omitted)). The Court will, however, excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

No error, plain or otherwise, appears on the face of the R&R. Accordingly, the Court adopts the R&R without *de novo* review. The Court directs the Clerk to

enter judgment against Defendants in accordance with the R&R, awarding Plaintiff $1,200 in statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II) and $2,400 in enhanced damages under 47 U.S.C. § 605(e)(3)(C)(ii), for a total of $3,600 in damages.

**SO ORDERED.**

                                          /S/ Frederic Block
                                          FREDERIC BLOCK
                                          Senior United States District Judge

Brooklyn, New York
April 23, 2025